NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOHN SERRA,

Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, et al.,

Defendants.

Civil No. 07-1798 (AET)

**MEMORANDUM AND ORDER**

THOMPSON, U.S.D.J.

## I. Introduction

This matter comes before the Court on Defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided this motion based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78. For reasons stated below, Defendants' motion to dismiss is granted.

## II. Background

Plaintiff John Serra was issued an insurance policy (the "Policy") by Defendant The Guardian Life Insurance Company of American ("Guardian Life"), which covered disability income in the event Plaintiff could no longer work. Approximately four years after the Policy was issued, Plaintiff filed a claim due to "constant bilateral foot pain, arthritis, flat foot deformity, tendinitis." (Compl. ¶ 7; Ex. C.) Defendant Berkshire Life Insurance Company of America ("Berkshire Life"), which took over the financial obligations of Guardian Life,

conducted an investigation into Plaintiff's pre-Policy medical history and determined that he failed to properly disclose relevant medical history that portended his current disorders. Berkshire Life then denied coverage on that basis. Berkshire Life also denied coverage on the separate ground that Plaintiff's particular disability is excluded from coverage under the Policy.

Plaintiff asserts several claims stemming from Defendants' denial. Defendants have moved to dismiss two of those claims; Count Three, alleging Defendants acted in bad faith in denying Plaintiff's claim; and Count Four, alleging a violation under the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. 56:8-1, et seq. (Compl. pp. 4-5.) Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6).

## III. Discussion

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Id. In setting forth a valid claim, a plaintiff is required only to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nevertheless, "a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when

deciding a motion to dismiss." Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005)

B. Defendant's Motion to Dismiss

In short, Defendants argue that Plaintiff's claim of bad faith fails must be dismissed because an insurer cannot be found liable for denying a claim in bad faith if the denial is "at least reasonably debatable." (Defs.' Br. in Supp. Mot. to Dismiss 7); Pickett v. Lloyd's, 131 N.J. 457, 473 (1993) (stating "[u]nder the 'fairly debatable' standard, a claimant who could not have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim" for bad faith). Defendants assert that even taking the facts as alleged by Plaintiff as true, Defendants' denial was, at a minimum, fairly debatable. Secondly, Defendants assert that Plaintiff answered objective questions on the Policy application falsely, thereby rendering their rejection of Plaintiff's claim per se debatable, militating for dismissal of Plaintiff's bad faith claim.

Although Plaintiff does not admit within his complaint that he answered questions falsely, he does admit that he did not completely fill out his application. (Compl. ¶¶ 12-14 (stating the Plaintiff's "application was incomplete on its face").) Based on Plaintiff's scant allegations, it appears his claim of bad faith rests on Defendant's failure to investigate or examine the application. However, a bad faith claim is not premised on an insurer's failure to investigate an application, but rather its failure to investigate a claim. CJS INSURANCE § 1580 ("In applying the test for existence of bad faith against the insurance carrier, it is appropriate to determine whether the claim was properly investigated and whether the results of the investigation were subjected to reasonable evaluation and review"). To succeed in a bad faith insurance claim, Plaintiff must prove two elements: "(1) the insurer lacked a "fairly debatable"

reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed.Appx. 594, 599 (3d Cir. 2004) (citing Pickett v. Lloyds, 131 N.J. 457, 621 A.2d 445, 454 (1993)). Other than making conclusory legal assertions, and allegations pertaining to the application inapplicable to a bad faith claim, Plaintiff has failed to plead facts that would establish these elements. See 2 James Moore, Moore's Federal Practice § 12.34[1][b], at 12-61 to 12-63 (3d ed. 2001) ("Liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader ....[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions."). Therefore, this claim is dismissed.

Regarding Plaintiff's CFA claim, Defendants argue this claim must fail because the CFA "is not applicable to insurance claims as a matter of law." (Defs.' Br. in Supp. Mot. to Dismiss 1.) Defendants cite several cases to support the position that "[t]he mere denial of insurance benefits to which an insured believes he is entitled to does not constitute an unconscionable commercial practice required to sustain a cause of action under the [CFA] . . . ." (Id. at 6 (citing Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 168 (3d Cir. 1998); Polizzi Meats, Inc. v. Aetna Life and Cas. Co., 931 F. Supp. 328, 333 (D.N.J. 1996); Nikiper v. Motor Club of Am., 232 N.J. Super. 393, 401 (App. Div. 1989)).) The New Jersey Supreme Court has only applied the CFA to an insurer's denial of benefits if fraud occurs in the initial sale, "where the insurer never intends to pay benefits, even as of the time of sale of the policy . . . ." (Defs.' Reply Br. 7);

Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 514 (3d. Cir. 2006) (stating "the traditional sale of insurance policies[] are undoubtedly subject to the provisions of the CFA"); Lemelledo v. Beneficial Mgmt. Corp. of Am., 150 N.J. 255, 265 (1997) (stating "although several lower courts have held that the payment of insurance benefits is not subject to the CFA . . our reading of the CFA convinces us that the statute's language is ample enough to encompass the sale of insurance policies . . . marketed to consumers). Plaintiff's allegations fail to assert this theory of fraud. Plaintiff merely alleges that "Defendants' conduct violated the [CFA] . . . ." As with Plaintiff's bad faith claim, mere legal conclusions are insufficient to sustain Plaintiff's CFA claim.

Based on the facts alleged, this appears to be a garden variety insurance dispute, which may not sustain claims for bad faith, and a cause of action under the CFA.

## IV. Conclusion

Therefore, for the reasons given above, and for good cause shown,

It is on this 16th day of July 2007,

**ORDERED** that Defendant's Motion to Dismiss [4] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Count Three, and Court Four are **DISMISSED**.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.