NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN SERRA, | Civil No. 07-1798 (AET) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

Introduction

This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's July 16, 2007 Order (the "July Order), dismissing counts three and four of Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided this motion based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78. For reasons stated below, Plaintiff's motion is denied.

Discussion

Because this motion follows a prior recital of the facts, the Court limits its discussion to that which is salient to the current motion. Plaintiff states the Court "misunderstood the facts and circumstances and the nature of the allegations in [Plaintiff's] Complaint." (Pl.'s Br. 2.) In the July Order, the Court stated "Plaintiff's allegations fail to assert [a] theory of fraud. Plaintiff merely alleges that 'Defendants' conduct violated the [CFA] . . . .' [and] mere legal conclusions

1

are insufficient to sustain Plaintiff's CFA claim." Although Plaintiff asserts the Court misunderstood its claim, Plaintiff fails to cite any case law overlooked, or intervening, and fails to raise information that the Court did not take into consideration. D.N.J. Civ. R. 7.1(i); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Despite Plaintiff's argument within his brief that Defendants engaged in "extensive 'post-claim' underwriting" (Pl.'s Br. 2) the complaint lacks any assertion that Defendants entered into a scheme to defraud Plaintiff by issuing a policy with the intention, ab initio, to deny coverage. Further, Plaintiff admits within his complaint that he submitted an application "incomplete on its face," detracting from his bare allegation of fraud by Defendant. (Compl. ¶ 13.)

Plaintiff's motion for reconsideration merely asserts a difference of opinion with the Court's July Order, and does not raise new law, or facts, or issues overlooked by the Court. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997) (stating a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988). As such, Plaintiff's motion will be denied.

IV.  Conclusion

Therefore, for the reasons given above, and for good cause shown,

It is on this 4th day of September 2007,

**ORDERED** that Plaintiff's Motion for Reconsideration [11] is **DENIED**.

s/ Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.